# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| LUKE CODY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:14CV89 DDN |
| | ) |
| SUBLETTE POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Luke Cody, an inmate at USP Terre Haute, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $8.13. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to show cause why this action should not be dismissed as time-barred.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent

of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $40.67, and an average monthly balance of $10.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.13, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff=d, 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**Plaintiff's Allegations**

Plaintiff brings this action under 42 U.S.C. § 1983. In his pleadings, plaintiff alleges that he "was coerced by the Sublette Police Department to fabricate a[] false statement on 8-26-07." [ECF No. 1] He further alleges that on August 26, 2007, he and a friend were panhandling when they had a confrontation with police sergeant Unknown Applegate. [ECF No. 4] Plaintiff claims that Applegate pointed his weapon at plaintiff's friend and then arrested them both. [ECF No. 4, 7] Plaintiff asserts that Applegate coerced him to confess to a robbery, knowing that plaintiff had psychological problems. [ECF No. 4] And plaintiff claims that he later pled guilty to the charges. Id.

The Court's records indicate that on November 25, 2008, plaintiff pled guilty to attempted carjacking and use of a firearm during or in relation to a crime of violence. United States v. Cody, 4:08CR237 JCH (E.D. Mo.). Plaintiff is currently serving a 123-month prison sentence for the crimes, which occurred on September 26, 2007.

**Discussion**

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. ' 1915[] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri=s five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. ' 516.120(4). In this case, the statute of limitations expired in August 2012, and this action appears to be time-barred. See Wallace v. Kato, 549 U.S. 384, 397 (2007) (Athe statute of limitations upon a ' 1983

claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process.@). As a result, the Court will order plaintiff to show cause why this action should not be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $8.13 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall show cause, no later than twenty-one (21) days from the date of this Order, why this action should not be dismissed as time-barred.

Dated this 30th day of October, 2014.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE