UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| LUKE CODY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:14CV89 DDN |
| SUBLETTE POLICE DEPARTMENT, | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's complaint under 28 U.S.C. § 1915(e). Having reviewed the allegations, the Court finds that the action must be dismissed as time-barred.

Plaintiff brings this action under 42 U.S.C. § 1983. In his pleadings, plaintiff alleges that he "was coerced by the Sublette Police Department to fabricate a[] false statement on 8-26-07." [ECF No. 1] He further alleges that on August 26, 2007, he and a friend were panhandling when they had a confrontation with police sergeant Unknown Applegate. [ECF No. 4] Plaintiff claims that Applegate pointed his weapon at plaintiff's friend and then arrested them both. [ECF No. 4, 7] Plaintiff asserts that Applegate coerced him to confess to a robbery, knowing that plaintiff had psychological problems. [ECF No. 4] And plaintiff claims that he later pled guilty to the charges. Id.

The Court's records indicate that on November 25, 2008, plaintiff pled guilty to attempted carjacking and use of a firearm during or in relation to a crime of violence. United States v. Cody, 4:08CR237 JCH (E.D. Mo.). Plaintiff is currently serving a 123-month prison sentence for the crimes, which occurred on September 26, 2007.

On October 30, 2014, the Court ordered Plaintiff to show cause, within 21 days, why this action should not be dismissed as time-barred. [ECF No. 8] Plaintiff failed to respond to the show cause order, and the time to do so has expired.

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). In this case, the statute of limitations expired in August 2012, and this action is time-barred. See Wallace v. Kato, 549 U.S. 384, 397 (2007) ("the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process."). As a result, this action is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 15th day of January, 2015.

                                              /s/ Audrey G. Fleissig
                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE